



Electronically Filed
2/10/2018 11:48 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
KYLEE L. GLOECKNER, ESQ.
Nevada Bar No. 14056
NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettleslawfirm.com
christian@nettleslawfirm.com
kylee@nettleslawfirm.com
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ANNETTE L. STEBBINS, an individual; | CASE NO.:  A-18-769352-C |
| Plaintiffs, | DEPT NO.:  Department 32 |
| vs. | |
| GEICO INSURANCE AGENCY INC., a foreign corporation; DOE INDIVIDUALS 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive, | **COMPLAINT** |
| Defendants. | |

Plaintiff, ANNETTE L. STEBBINS, an individual, by and through her counsel, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Kylee L. Gloeckner, Esq., of the NETTLES LAW FIRM, and for her causes of action against Defendant, GEICO INSURANCE AGENCY, INC.; DOE INDIVIDUALS 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive (Collectively referred to as "Defendants"), hereby complain and allege as follows:

-1-

## GENERAL ALLEGATIONS

1.      Plaintiff Annette L. Stebbins (hereinafter "Plaintiff") is, and at all relevant times was, an individual residing in Clark County, Nevada.

2.      On information and belief, Geico Insurance Agency, Inc. (hereinafter "Defendant") is, and at all relevant times was, a foreign corporation and insurance company authorized to write insurance policies in the State of Nevada.

3.      On information and belief, the true names and capacities, whether corporate, associate, governmental or otherwise, of defendants designated herein as DOE INDIVIDUALS 1 through 10; ROE CORPORATIONS 11 through 20, and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive (Collectively referred to as "DOE/ROE/ABC Defendants"), are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

4.      On information and belief, DOE/ROE/ABC Defendants are responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as hereinafter alleged.

5.      On information and belief, DOE/ROE/ABC Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiffs of which Plaintiffs are presently unaware.

6.      On February 20, 2012, and at all times relevant hereto, Plaintiff was the owner/operator of a 2002 Acura TL (hereinafter "Plaintiff's Vehicle") in Clark County, Nevada.

7.      On information and belief, on or about February 20, 2012, and at all times relevant hereto, Herbert Wero was the operator and/or owner of a 2000 Dodge Ram 2500 with Arizona license plate "885MNM," (hereinafter "Mr. Wero's vehicle"), and involved in the motor vehicle collision referenced herein, in Clark County, Nevada.

8.      On information and belief, on or about February 20, 2012, Plaintiff was traveling northbound on I-15 in the #4 travel lane, approaching a vehicle that was stopped. At

*NETTLES LAW FIRM*
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

approximately the same time and place, Mr. Wero was operating his vehicle direct behind Plaintiff's Vehicle.

9.      On information and belief, Plaintiff failed to stop and struck the vehicle that was stopped in front of her in the travel lane.

10.     On information and belief, Mr. Wero failed to decrease his speed and collided with the rear of Plaintiff's Vehicle (hereinafter "Subject Crash").

11.     On information and belief, the force of the Subject Crash forced Plaintiff's Vehicle to impact the vehicle directly in front of it once more.

12.     Mr. Wero caused the Subject Crash by failing to stop for the traffic ahead.

13.     As a direct and proximate result of the negligence of Mr. Wero, Plaintiff has suffered physical injury, as well as pain and suffering.

14.     Upon information and belief, on or about February 20, 2012, and at all times relevant hereto, Mr. Wero's insurance policy was for coverage in the amount of $15,000.00 per person and $30,000.00 per occurrence, and lacked sufficient insurance coverage to fully compensate Plaintiff for her injuries.

15.     Upon information and belief, on or about February 20, 2012, and at all times relevant hereto, Plaintiff was the named insured on automobile policy 4210-66-17-59 issued by Defendant (hereinafter "Geico Policy").

16.     Plaintiff's Geico Policy contained a provision for uninsured motorist coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence.

17.     To date, Plaintiff has incurred medical expenses in excess of $15,000.00.

18.     Despite the amount of Plaintiff's expenses, and receipt of medical records to prove the amount, Defendant refuses to authorize an appropriate settlement that would fully compensate the Plaintiff for her losses.

19.     Plaintiff's prior counsel first contacted Defendant regarding the uninsured motorist coverage in December, 2012.

20.     Defendant failed to offer a reasonable settlement offer in response to receiving medical records relating to Plaintiff's injuries.

NETTLES LAW FIRM
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

21.     Defendant's offer of $2,500 for Plaintiff's injuries is well below what is mandated by the Geico Policy to compensate Plaintiff for her losses.

22.     Defendant determined a value on Plaintiff's claim for benefits under the Geico Policy to be an amount at or below $2,500.00.

23.     As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

24.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

25.     Upon information and belief, on or about February 20, 2012, and at all times relevant hereto, a valid contract, the Geico Policy, existed between Plaintiff and Defendant; wherein Defendant would provide uninsured motorist coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence.

26.     Upon information and belief, on or about February 20, 2012, Plaintiff had fully performed all of her duties under the Geico Policy.

27.     Upon information and belief, on or about February 20, 2012, Mr. Wero lacked sufficient insurance coverage to compensate Plaintiff for her injuries, and thus was an uninsured motorist as defined in the Geico Policy.

28.     Defendant breached the Geico Policy by, among other things, refusing to fully compensate Plaintiff under the uninsured coverage provisions.

29.     As a direct and proximate result of Defendant's breach of the Geico Policy, Plaintiff is entitled to recover damages in excess of $15,000.00.

30.     As a direct and proximate result of Defendant's breach of the Geico Policy, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

*NETTLES LAW FIRM*
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-4-

*NETTLES LAW FIRM*
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

1

2

3   **SECOND CAUSE OF ACTION**

**(Contractual Breach of Implied Covenant and Good Faith and Fair Dealing)**

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32.     In Nevada, implied in every contract, including the Geico Policy, is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

33.     Defendant breached its duty of good faith and fair dealing by, among other things, refusing to fully compensate Plaintiff under the uninsured coverage provisions.

34.     As a direct and proximate result of Defendant's breach of the implied warranty of good faith and fair dealing, Plaintiff is entitled to recover damages in excess of $15,000.00.

35.     As a direct and proximate result of Defendant's breach of the implied warranty of good faith and fair dealing, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**THIRD CAUSE OF ACTION**

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)**

36.     Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37.     Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

38.     Defendant owed a duty of good faith to Plaintiff.

39.     There was a special element of reliance between Plaintiff and Defendant where Defendant was in a superior or entrusted position.

40.     Defendant breached the Geico Policy by, among other things, refusing Plaintiff the compensation due under the uninsured coverage provisions and by unreasonably undervaluing Plaintiff's claims, and by placing its own interests above those of Plaintiff.

41.     Plaintiff's justified expectations were thus denied.

////

-5-

6

NETTLES LAW FIRM
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

42.    Plaintiff has been damaged by Defendant's breaches of the implied covenant of good faith and fair dealing in an amount in excess of $15,000.00.

43.    Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

44.    As Defendant's tortious breaches of the implied covenant of good faith and fair dealing was oppressive, fraudulent and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

## FOURTH CAUSE OF ACTION

### (Unfair Practices in Settling Claims)

45.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46.    Defendant has violated several provisions of Nev. Rev. Stat. § 686A.310 by, among other things, failing to acknowledge and act with reasonable promptness in response to communications from Plaintiff, and failing to effectuate prompt, fair and equitable settlements of Plaintiff's claims.

47.    Plaintiff has been damaged by Defendant's unfair practices in an amount in excess of $15,000.00.

48.    Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

49.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

50.    Under Nev. Rev. Stat. § 30.010 et seq., the Uniform Declaratory Judgment Act, any person interested under a written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any

1   questions of construction or validity arising under the contract and obtain a declaration of rights,

2   status or other legal relations thereunder.

3       51.    A justiciable controversy exists, as the Plaintiff has asserted claims of right to

4   indemnification for her losses from Defendant, and Defendant has an interest in contesting

5   Plaintiff's claims of right.

6       52.    Plaintiff has a legally-protectable interest in the controversy, i.e., her right to

7   indemnification from the Defendant.

8       53.    The issue involved in the controversy is ripe for judicial determination because

9   there is substantial controversy, among parties having adverse legal interests, of sufficient

10  immediacy and reality to warrant the issuance of a declaratory judgment.

11      54.    Accordingly, the Plaintiff requests a declaratory judgment that Defendant owes

12  her a duty to indemnify her on her uninsured claim.

13      55.    Plaintiff has been required to retain the services of counsel to prosecute this

14  matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred

15  herein.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*NETTLES LAW FIRM*
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.  For damages in excess of $15,000.00;

2.  For punitive and/or exemplary damages;

3.  For interest as permitted by law;

4.  For a declaratory judgment;

5.  For costs and attorneys' fees; and

6.  For such other and further relief as the Court deems proper.

DATED this  9th  day of February, 2018.

NETTLES LAW FIRM


BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
KYLEE L. GLOECKNER, ESQ.
Nevada Bar No. 14056
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

*NETTLES LAW FIRM*
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-8-

9

**B**

**B**

Electronically Filed
3/8/2018 1:48 PM
Steven D. Grierson
CLERK OF THE COURT

1  PSER
BRIAN D. NETTLES, ESQ.
2  Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
3  Nevada Bar No. 11218
KYLEE L. GLOECKNER, ESQ.
4  Nevada Bar No. 14056
NETTLES LAW FIRM
5  1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
6  Telephone: (702) 434-8282
7  Facsimile:  (702) 434-1488
brian@nettleslawfirm.com
8  christian@nettleslawfirm.com
kylee@nettleslawfirm.com
9  *Attorneys for Plaintiff*
10

11              **DISTRICT COURT**

12          **CLARK COUNTY, NEVADA**

13
ANNETTE L. STEBBINS, an individual;       | CASE NO.: A-18-769352-C
14                                         | DEPT NO.: 32
                Plaintiff,
15
       vs.
16
GEICO INSURANCE AGENCY INC., a            | **PROOF OF SERVICE**
17  foreign corporation; DOE INDIVIDUALS 1
18  through 10; ROE CORPORATIONS 11
through   20;   and   ABC   LIMITED
19  LIABILITY COMPANIES 21 through 30,
inclusive,
20
                Defendants.
21
22
23  ...
24  ...
25  ...
26  ...
27
28

*NETTLES LAW FIRM*
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

Geico Insurance Agency, Inc.
Attn: Company Licensing
5260 Western Ave.
Chevy Chase, MD 20815-3701
CERTIFIED MAIL NO. 7016 3010 0000 0486 3074

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 2nd day of March, 2018.



RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Annette L. Stebbins vs. Geico Insurance Agency, Inc., et al.
      District Court, Clark County, Nevada
      Case No. A-18-769352-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 3/2/18    By: _____

-1-

12