1 | UNITED STATES DISTRICT COURT
2 | DISTRICT OF NEVADA

| | |
|---|---|
| ANNETTE L. STEBBINS, | Case No.: 2:18-cv-00590-APG-GWF |
| Plaintiff | **Order Granting Motion to Dismiss and Denying Motion to Stay** |
| v. | [ECF Nos. 7, 8] |
| GEICO INSURANCE AGENCY, et al., | |
| Defendants | |

Annette Stebbins sued her insurer, Geico General Insurance Company[1] (Geico), in state court alleging five causes of action, all arising out of Geico's valuation of her injuries resulting from a car accident. Geico removed the case to this court and moved to dismiss three of the five counts. Because Stebbins's complaint lacks sufficient facts to state a claim for those three counts, I dismiss them without prejudice. But because amendment would not be futile, I grant Stebbins's motion to amend her complaint.

I. BACKGROUND

Stebbins alleges that she was injured in a car accident in February 2012.[2] The accident was the fault of Herbert Wero, who is not a party to this lawsuit.[3] Wero lacked sufficient coverage to fully compensate her for her injuries, so Stebbins submitted a claim to Geico, her insurer, under the underinsured-motorist-coverage provision in her policy.[4] Stebbins alleges that

---

[1] Geico asserts that Stebbins erroneously named "Geico Insurance Agency Inc." as the defendant in her complaint. If the caption of the case needs to be corrected to reflect the appropriate party name, the parties must stipulate to it or Geico may file a motion to do so.

[2] ECF No. 1-1 at ¶¶ 6–10.

[3] *Id.* at ¶ 12.

[4] *Id.* at ¶¶ 13–19.

Geico failed to offer her a reasonable settlement under her policy by offering her only $2,500 over the $15,000 she had already received from Wero's insurer.[5]

Stebbins sued Geico for (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) unfair practices in settling claims in violation of Nevada Revised Statutes § 686A.310, and (5) declaratory relief stating her rights under her Geico policy. Geico moves to dismiss counts two, three, and four for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[6] In the alternative, Geico moves to sever these counts and stay them until the breach-of-contract claim is fully adjudicated.[7] Stebbins responds that her complaint is sufficient, but seeks leave to amend her complaint in the event that I find otherwise.[8]

## II. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[9] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[10] The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."[11] "Factual allegations must be enough to rise above the speculative level."[12] To survive a motion to

---

[5] *Id.* at 20–22.
[6] ECF No. 7.
[7] ECF No. 8.
[8] ECF No. 10 at 13.
[9] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).
[12] *Twombly*, 550 U.S. at 555.

2

dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[13]

District courts must apply a two-step approach when considering motions to dismiss.[14] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[15] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[16] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[17] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[18] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[19] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[20] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[21] "Determining whether a complaint states a plausible claim for

---

[13] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[14] *Id.* at 679.
[15] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[16] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.
[17] *Iqbal*, 556 U.S. at 678.
[18] *Id.* at 679.
[19] *Id.* at 663.
[20] *Id.* at 679 (internal quotation marks and citation omitted).
[21] *Twombly*, 550 U.S. at 570.

relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[22]

## III. ANALYSIS

### A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."[23] "The implied covenants of good faith and fair dealing impose a burden that requires each party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement."[24]

To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must prove: (1) the existence of a contract between the parties; (2) that the defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied.[25] Generally, the remedy for a breach of the implied covenants of good faith and fair dealing is limited to contractual remedies, but in limited circumstances a breach of the implied covenant can give rise to tort liability.[26]

---

[22] *Iqbal*, 556 U.S. at 679.

[23] *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205); *see also Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair actions by one party that work to the disadvantage of the other.").

[24] *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016) (quotation omitted).

[25] *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991)).

[26] *See, e.g., State v. Sutton*, 103 P.3d 8, 19 (Nev. 2004) (holding that in special circumstances, a breach of the implied covenant of good faith and fair dealing can give rise to tort liability).

In counts two and three, Stebbins alleges both contractual and tortious breach of the implied covenant of good faith and fair dealing based on Geico's alleged denial of full compensation for her injuries.[27] Geico moves to dismiss both counts for failure to state a claim.

### 1. Count Two: Contractual Breach of Implied Covenant

A contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract."[28] This cause of action is different from one for breach of contract because it requires literal compliance with the terms of the contract.[29] "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim."[30]

Stebbins's complaint alleges only that Geico failed to comply with the terms of the contract "by, among other things, refusing to fully compensate Plaintiff under the uninsured coverage provisions."[31] This is inapposite to the requirement of literal compliance with the contractual terms required for breach of the implied covenant. While plaintiffs may plead both breach of contract and breach of the implied covenants as alternative theories of liability, all elements of each cause of action must be properly pleaded. That is not the case with Stebbins's complaint, which uses the same allegation for both breach of contract and breach of the implied

---

[27] ECF No. 1-1 at 6.
[28] *Hilton Hotels*, 808 P.2d at 923–24.
[29] *See Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010).
[30] *Shaw*, 201 F. Supp. 3d at 1252 (holding that defendant's conduct that was a "direct and actual breach" of the subject contract could not support the plaintiff's implied-covenant claim).
[31] ECF No. 1-1 at 6.

covenant of good faith and fair dealing.[32] Accordingly, the complaint fails to state a claim for contractual breach of the implied covenant of good faith and fair dealing, and I dismiss this claim without prejudice.

### 2. Count Three: Tortious Breach of Implied Covenant

Under Nevada law, breach of the implied covenant can give rise to tort liability when a special relationship exists between the parties to the contract, such as the relationship between an insurer and an insured.[33] "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'"[34] To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy."[35] In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actional tort unless there was no reasonable basis for that determination.[36]

Stebbins's complaint lacks allegations that Geico denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. Her allegation that Geico undervalued her injuries is insufficient to state a claim for tortious breach of the implied covenant of good fair and fair dealing. Accordingly, I dismiss this claim without prejudice.

////

////

---

[32] *Compare id.*, ¶ 28 *with id.*, ¶ 33.

[33] *Ins. Co. of the West v. Gibson Title Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006).

[34] *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)).

[35] *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

[36] *Pioneer*, 863 F. Supp at 1242.

### B. Count Four: Nevada's Unfair Trade Practices Act

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of various enumerated acts. Stebbins asserts that Geico violated "several provisions" of § 686A.310 but does not specify which ones.[37] Instead, she recites the language of several of those provisions without supporting factual allegations. Reciting the elements of a cause of action is insufficient to state a claim. I therefore dismiss Stebbins's fourth cause of action for violations of § 686A.310 without prejudice.

### C. Bifurcation

Geico requests that I bifurcate the bad-faith claims in counts two, three, and four for discovery as well as trial, and that I stay these claims until the underlying breach-of-contract claims are resolved.[38] Stebbins responds that this request is premature because the aspects of the claims and defenses that will be at issue at trial remain to be seen.[39] She proposes I allow the case to proceed with discovery and leave the issue of bifurcation to be decided later.[40] Because liability for the underlying accident will likely not be in dispute, she argues that the facts and evidence about her injuries related to the crash are inextricably intertwined with the facts and evidence related to when Geico learned of her injuries and how it valued them. In reply, Geico stresses the fact that Stebbins's claim for bad faith will fail as a matter of law if she does not recover on the breach-of-contract claim, rendering any action on the extracontractual claims superfluous.[41]

---

[37] ECF No. 1-1 at ¶ 46.
[38] ECF No. 7 at 20–23.
[39] ECF No. 10 at 11–12.
[40] *Id.* at 12–13.
[41] ECF No. 11 at 6–7.

7

Rule 42(b) of the Federal Rules of Civil Procedure authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice.[42] The decision to bifurcate is committed to the discretion of the trial court.[43] Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case.[44] "However, bifurcation of the trial does not necessarily require bifurcation of discovery."[45]

Bifurcation of discovery is not warranted in this case. Stebbins's claims are intertwined, and separating discovery would unnecessarily prolong the process and waste judicial resources supervising two phases of discovery. I also decline to bifurcate the trial at this time. Bifurcating the claims for trial would require the parties to present much of the same evidence twice, have witnesses testify twice, make many of the same arguments twice, and pay the cost of litigation twice. Any concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments.[46]

### D. Leave to Amend

In her response to Geico's motion to dismiss, Stebbins seeks leave to amend her complaint.[47] She requests that, to the extent that her complaint fails to meet the federal pleading

---

[42] Fed. R. Civ. P. 42(b).

[43] *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

[44] *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fid. & Guar. Co.*, 776 F.2d 494, 501 (5th Cir. 1985)).

[45] *Id.*

[46] *See Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3613875, at *7 (D. Nev. Sept. 8, 2010).

[47] ECF No. 10 at 13.

standard, I allow her to supplement her factual allegations. In reply, Geico states without argument that amendment would be futile, so dismissal should be with prejudice.[48]

Rule 15 requires district courts to "freely give leave [to amend] when justice so requires."[49] This policy is "to be applied with extreme liberality."[50] "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[51] Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim.[52]

Amendment would not be futile in this case. Stebbins contends she has additional facts to support her claims, and Geico does not argue that no facts exist to make out a valid claim. Geico argues that Stebbins's claims for bad faith are premature because her breach-of-contract claim must be resolved first. But the Supreme Court of Nevada has held that a plaintiff does not need to establish success on a contractual claim before proceeding with a bad-faith claim.[53] To find otherwise would require a plaintiff to commence two separate lawsuits even if the facts establish that the insurer breached the insurance contract and acted in bad faith within the same

---

[48] ECF No. 11 at 7.

[49] Fed. R. Civ. P. 15(a)(2).

[50] *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

[51] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted).

[52] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

[53] *Allstate Prop. v. Mirkia*, 2013 WL 944778, at *7 (D. Nev. March 7, 2013) (citing *Albery H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 955 n.2 (Nev. 1998)).

factual sequence.[54] Because amendment would not be futile, I grant Stebbins's motion for leave to amend.

E. **Statute of Limitations**

Geico also argues that Stebbins has brought these claims outside the applicable limitation period.[55] I cannot dismiss on this basis unless it is clear from the face of the complaint that dismissal is warranted.[56] The cases Geico cites run against its argument. The relevant date for these claims is not when the insured submits the claim to her insurer, but the date the insurer denied the claim or took some other action in bad faith.[57] Because those dates are not apparent from the face of the complaint, I cannot dismiss on this basis.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Geico's motion to dismiss **(ECF No. 7) is GRANTED**. Counts two, three, and four are dismissed without prejudice.

IT IS FURTHER ORDERED that Stebbins may file an amended complaint, consistent with this order, within 21 days of entry of this order.

/ / / /

/ / / /

/ / / /

---

[54] *Drennan*, 366 F. Supp. at 1007.

[55] ECF No. 7 at 13–15.

[56] *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint.").

[57] *See Baker v. Hartford Underwriters Ins. Co.*, 2105 WL 133790, at *6 (D. Nev. Jan. 9, 2015) (holding that the statute of limitations for uninsured motorist claims "runs six years after the insurer denies the claim"); *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d, 1090, 1093–94 (D. Nev. 2006) (ruling on statute of limitations based on the date an insurer mailed a final offer to an insured, not the date the underlying claim was submitted).

IT IS FURTHER ORDERED that Geico's motion to sever and stay Stebbins's extracontractual claims **(ECF No. 8) is DENIED**.

DATED this 22nd day of January, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE